UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | | |
|---|---|---|
| BRANDON BELL, ) | | |
| Institutional ID No. 114490, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | CIVIL ACTION NO. |
| ) | | 5:15-CV-171-BG |
| LUBBOCK COUNTY DETENTION ) | | ECF |
| CENTER, *et al.*, ) | | |
| ) | | |
| Defendants. ) | | |

**REPORT AND RECOMMENDATION**

**I.    Procedural History**

Plaintiff Brandon Bell filed this action on July 29, 2015, complaining of events that occurred during his detention at Lubbock County Detention Center. On September 1, 2015, the United States District Court reassigned the case to the undersigned United States Magistrate Judge for preliminary screening. According to notations on an envelope of mail returned from Lubbock County Detention Center, Bell was released from detention on the same date. *See* ECF No. 10. As of this date, Bell has not informed the court of his new address.

**II.    Recommendation**

A district court has inherent authority under Rule 41(b) of the Federal Rules of Civil Procedure to *sua sponte* dismiss an action for want of prosecution. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–33 (1962); *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997). It is, therefore, recommended that the United States District Court dismiss Bell's Complaint for want of prosecution.

### III. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2015); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated:   October 16, 2015.

*(signature)*
NANCY M. KOENIG
United States Magistrate Judge

2